UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL MYRICKS, | ) | CASE NO. 5:23-cv-1594 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| STARK COUNTY JAIL MEDICAL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## I. BACKGROUND

*Pro se* plaintiff Nathaniel Myricks ("Myricks"), an Ohio prisoner currently incarcerated in the Grafton Correctional Institution ("Grafton"), filed a prisoner civil rights complaint against "Stark County [Jail] Medical." (Doc. No. 1.) In his complaint, Myricks alleges misconduct by the "medical [staff]" while he was detained in the Stark County Jail. Specifically, Myricks alleges that: (1) "medical took [his] life vest when they [k]new [he] had congestive heart failure," and (2) "Nurse Allison" made "harsh comments" to him and told him not push the emergency button unless he was dying. (*See id.* at 4–5.) The only pertinent context Myricks provides related to these allegations is that the Stark County Jail medical staff told him that his heart specialist at the Cleveland Clinic "told [the jail's medical staff] to take [his defibrillator]," which he contends was "not true." (*Id.* at 7.)

Myricks alleges that Stark County Jail's medical staff caused him to suffer emotional injury and depression. For this suffering, Myrick seeks payment for his medical bills, for the medical staff to be "held accountable," and $10 million in damages for "mental anguish." (*Id.* at 5.)

Myricks does not identify or allege a specific legal claim or cause of action within his complaint. (*See generally id.*) He does indicate on the civil cover sheet, however, that his complaint is brought under 42 U.S.C. § 1983 and that the nature of his suit is "Personal Injury - Medical Malpractice." (*See* Doc. No. 1-1.) As such, the Court construes Myricks' complaint as seeking relief under 42 U.S.C. § 1983.

In addition to his complaint, Myricks filed a motion to proceed *in forma pauperis* (Doc. No. 2), which the Court granted by a separate order. Myricks also filed a motion for appointment of counsel. (Doc. No. 3.) For the following reasons that follow, Myricks' complaint is dismissed pursuant to 28 U.S.C. § 1915 and his motion for counsel is denied as moot.

## II.  ANALYSIS

Where a prisoner plaintiff is proceeding *in forma pauperis* and seeks redress from a governmental entity, a district court must conduct an initial screening and may, *sua sponte*, dismiss the action without service if, *inter alia*, the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A; *Anderson v. Morgan Cnty. Correctional Complex*, No. 15–6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016). In determining whether a complaint states a viable claim, a court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face*." Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007); *see also Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295–96 (6th Cir. 2008).

Section 1983 imposes liability on "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983 (emphasis added). The Sixth Circuit has repeatedly held that state prisons, and their medical departments, are not "persons" for the purposes of 42 U.S.C. § 1983. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15–6344, 2016 WL 9402910, at *1 (6th Cir. 2016) (affirming the district court's dismissal of a *pro se* complaint pursuant to 28 U.S.C. § 1915 because the lower court "properly determined that the named defendants—MCCC, a state prison within the Tennessee Department of Corrections, and its 'medical staff'—were not subject to suit under § 1983"); *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) ("[W]e conclude that the defendant medical departments are not 'persons' under § 1983, and that [the plaintiff's] claims against them fail as a matter of law.")

District courts within Ohio have repeatedly dismissed claims brought under 42 U.S.C. § 1983 against medical departments at Ohio penal institutions because they are not "persons." *See, e.g.*, *Powell v. Med. Dep't Cuyahoga Cnty. Corr. Ctr.*, No. 1:17-cv-1302, 2017 WL 6344615, at *2 (N.D. Ohio Dec. 12, 2017) (dismissing a complaint against "the Medical Department of the Cuyahoga County Correctional Center[,]" among other defendants, because "[a] medical department for a state prison is not a 'person' subject to liability under § 1983"); *Sprague v. Quilter*, No. 3:15-cv-2170, 2016 WL 790480, at *2 (N.D. Ohio Feb. 9, 2016) (dismissing the

plaintiff's claims against Allen Correctional Institution's "Medical and Dental 'Departments'. . . because those defendants are not persons subject to suit under § 1983").

Here, the sole defendant in this case appears to be the medical department for Stark County Jail.[1] Like the cases discussed above, "Stark County [Jail] Medical" does not qualify as a person under 42 U.S.C. § 1983. This deficiency demands the dismissal of Myricks' complaint.

### III. CONCLUSION

Accordingly, for the foregoing reasons, Myricks complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. In light of this dismissal, his motion for legal representation is denied. Appointment of counsel is justified in civil cases only in exceptional circumstances, which are not present here. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (quoting *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)) (stating that the appointment of counsel is not appropriate when a *pro se* litigant's chances of success are "extremely slim"). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 29, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[1] Myrick failed to complete the defendant section of his complaint (Doc. No. 1, at 2) and the civil cover sheet section for defendant(s). (Doc. No. 1-1, at 1.) The Court infers the defendant in this action based off of the complaint cover page (Doc. No. 1, at 1) and the summons. (Doc. No. 1-2, at 1.)

4